Mr. Justice WalKER, delivered the opinion of the court. ' This case is a second time before us upon appeal. Its earlier history and the decision of the Court upon it will be found in 3 Arkansas Rep. 18. The counsel for the appellant has argued at some length, the mnim question decided by this Court upon the first appeal, and asks that we review that decision for the purpose of correcting what he assumes as error in the decision. We have duly considered this proposition (for the question is not raised by the assignment of errors) and inasmuch as the decisions of this Court have not been altogether uniform on this point, we will proceed to review them and determine whether, in the after adjudications of this Court upon the same case, its decisions can, under any circumstances, be modified or overruled. The cases of The Real Estate Bank vs. Rawdon et al., 5 Ark. 558. Fortenbury vs. Frazier et al., 5 Ark. 202, and Walker & Faulkner vs. Walker, 2 Eng. 542, expressly decide that after the term has expired at which the decision is made, it is final and conclusive between the parties; that the Circuit Court is bound by the decision of this Court and must carry it into execution; that the inferior court cannot vary the decision, nor can it give further relief as to any matter decided, not even when it is apparent that this Court has mistaken a material fact. In the case of Fortenbury vs. Frazier et al., the court says “ After a case has been decided by the Supreme Court and remanded to the inferior Court and is again brought before the Supreme Court, nothing is before the Court for adjudication but the proceedings subsequent to the mandate.” In the case of The Real Estate Bank vs. Rawdon et al., 5 Ark. 558, upon a question as to whether the Court had power to reconsider its decisions at the close of the term at which they were made, although the Court were divided, a majority being of opinion that even though the motion is made at the same term, it must be decided also at that term or the judgment will be conclusive, still they were unanimously of the opinion, that where no motion for a reconsideration is interposed, the decisions at the close of its term, became final and conclusive upon the parties. In a more recent case, (Rutherford, use, &c. vs. Lafferty, 2 Eng. 402,) this court seems to have departed from the rule laid down in these cases, whilst their authority is not questioned. On the contrary, it would seem that the court recognized the general principle, but based its decision upon the fact that the Supreme Court, in its former decision, had overlooked an important fact in the case. This was doubtless true; but then the question recurs, can the decision be held as conclusive between the parties and yet subject to correction and revision as to a misapprehension of facts ? If for these, why not for errors as to the law also ? We are at a loss for any satisfactory reason for the distinction, and are unwilling to concede that it should exist. It would not only authorize the appeal made to the court in this instance, but in all cases where the counsel, in their zeal for the success of their clients, might and doubtless would, where there was a hope of success, ask that the whole case be reviewed. The uncertainty and confusion which would result from such a practice, would strike vitally that progressive principle which lies at the foundation of all judicial proceedings so happily illustrated in the order and system of pleading and practice, which make each definite step in the progress of the cause conclusive upon the parties, and point them prospectively to an ultimate and final decision of the case. These rules of pleading have their origin in the same common principle alike applicable to the judgments of courts, where litigation ceases, and the judgment of each court is final and conclusive in the inferior courts unless set aside or reversed by an appellate tribunal; in the superior court, unconditionally so. If the propriety of this rule could need illustration, it is abundantly to be found in the case of Rutherford, use, &c. vs. Lafferty. There the Supreme Court decided that the plaintiff had no right of action whatever in the matter in controversy, and reversed the decision of the Circuit Court. When the case returned to the Circuit Court, in obedience to the decision of this court it decided that the plaintiff had no right of action, and rendered judgment against him for costs. The plaintiff appealed to this court again, and this court reversed the decision of the Circuit Court which had been rendered on the mandate of this court, for the reason that this court had mistaken an important fact in the case. So that, in fact, there are two decisions on the point totally different. We think the cases of Fortenbury vs. Frazier et al., and the R. E. Bank vs. Rawdon et al., well sustained, both upon authority and principle, and give them our full approbation. ■ The defendant assigns for error that the Circuit Court improperly granted to the plaintiffs a new trial. As the verdict was in favor of the defendants, they, cannot complain of either the misdirections of the judge, or improper evidence admitted, or like cause. A verdict was all that they could ask, and when it was set aside they could only complain that the Circuit Court had exercised its discretion to their prejudice. The Supreme Court has already extended its revising control over the discretionary powers of the Circuit Court as far as the most liberal practice will warrant upon the subject of new trials. This is a new case and must be predicated solely upon the ground of abuse of the discretionary power of the Circuit Court. Whether this power was exercised prudently or not there was offered the defendants another opportunity for presenting their defence, and if they had injustice done them in that trial, this court is open to hear their complaint. We will not permit them, however, to avail themselves of a defence at both trials: such a course has not been sanctioned, as we are aware, by precedent or authority. We will next proceed to examine such errors as are connected with the assessment of damages. This suit was brought in 1837: at that time our Territorial statute was in force. Steel & McCampbell's Digest, p. 293. It is enacted that “ any person claiming land in this Territory by virtue of any grant, deed, warrant, concession, settlement right, or survey, and to which the title of the United States has been or may be hereafter relinquished by said claim being confirmed or granted by the board of commissioners, or by an act of Congress, and such person being in possession or actual cultivation of the same, and shall hereafter have judgment of dispossession .against him recovered in an action of ejectment, or any other action brought by any person having better title, such person being so' possessed as aforesaid shall be entitled to compensation for all valuable and lasting improvements which may be hereafter made on such land.” Under this act there can be no question of the right of defendants to compensation. The state of case disclosed bring them within the provisions and meaning of the act; they were residents and claimants, such as were contemplated by the act, nor does the ground assumed by the plaintiffs affect this right. Whatever may ultimately have been been determined to be the true limits of his purchase, the location and improvement of the appellant Porter, was, no doubt from the case stated, made in good faith. The fact that this act was subsequently repealed, cannot affect the rights of the defendants. This act gave a right to set off the lasting valuable improvements made by him on the land against damages. Indeed it goes further, and says, in unqualified terms, that he shall have compensation for all valuable and lasting improvements made by him on the land without reference to the amount of damages. And this legal right must be determined by the laws in force at the time the right accrues, and when once acquired is not to be affected by subsequent legislation. (5 Mon. R. 336. Id. 129. 1 Bay's Rep. 179. 1 Eng. 484.) Independent of our statute the authorities go far to decide that improvements made in good faith under a supposed valid title may be set off against rents and profits. 8 Wheat. R. 1. 4 Cowen 168. The same act required the defendant at the same time that he filed his pleas to file a notice that he would claim a compensation for the improvements made on the land. This notice was in effect a special plea without which the defendant could not offer evidence on that point. A motion had been made to strike it out at a previous term of the court, which was overruled. The judgment of the court at that term was conclusive with regard to its legal sufficiency. It was part of the record of the case when first before this court, and remained unimpaired by that decision. The subsequent order of the Circuit Court striking the notice out was clearly erroneous: its legal effect was to preclude the defendants from introducing evidence of the value of improvements made by them on the land. The argument of the plaintiffs that the repeal of the Territorial statute affected the pleadings already filed under it is untenable. Suppose a plea impeaching the consideration of an instrument sued on had been filed prior to the passage of the act requiring an affidavit to be filed verifying the truth of such plea, could it be contended that the plea, which was once a legal de-fence under the law in force at the time it was filed, could be subsequently stricken out because that law is afterwards repealed? We think not. The true distinction is this: Rights conferred by statute are determined according to the law which was in force when the right accrued, and are not in any manner affected by subsequent legislation. Remedies are governed by the laws in force at the time the remedy is sought. The particular act done, the filing of the notice, applied to the manner of enforcing this legal right given for compensation for improvements. This was done under the Territorial law, and was governed by it: that law having, during the pendency of the suit, been repealed, all further pleading or proceedings must depend on the law in force at the particular time the act is done: for instance, if the late law had changed the manner of assessing the value of the improvements, they would be assessed under the law in force at the time the assessment was made. The appellant has also assigned for error that the Circuit Court erred in refusing to permit him to introduce evidence of the value of the improvements made on the land in dispute. Upon looking into the bill of exceptions we find a mere proposition to prove certain facts, to wit: “The value of permanent and lasting improvements made by defendants on the ground in controversy by way of mitigation of damages for rents.” There is no evidence disclosed which preceded this, or to which it could attach; therefore the proposition itself must be such as, independent of other evidence, would, when answered, be legal competent evidence. This was a proposition to prove the value of improvements irrespective of time. The same act which gives the right to claim the value of improvements limits the right to such improvements as were made prior to receiving notice of the adverse claim of plaintiffs. This is a reasonable and just re • striction of the right of defendant’s claim to compensation for improvements. From the time he is chargable with notice he improves the land at his own risk, and can assert no just claim to tax the true owner for improvements, such perhaps as he does not desire to be made. The notice served upon the defendants by the sheriff, which consisted of a copy of the declaration and a notice of the plaintiff’s claim, which, by the sheriff’s return, appears to have been done on the 15th of April, 1837, we think amply sufficient. From that date the defendants were not entitled to compensation for improvements made on the land, and consequently the defendants should have qualified their proposition and limited it to the improvements made by the defendants prior to the 15th of April, 1837. Having been presented to the court as an entire proposition, the court did not err in rejecting it. Evidence should correspond with the allegation and be confined to the point in issue. (Greenl. Ev. 51.) It is very questionable whether the evidence, had it been restricted to improvements made prior to the 15th of April, 1837, should have been received unless by consent of parties. The principle involved is strikingly similar to that of an officer or one acting under his authority, who is by statute (Digest, sec. 72, p. 807) allowed to plead the general issue and give notice of special matter in evidence. In a case under this statute (Pryor vs. Clay, 2 Eng. R. 97) this court decided that evidence of special matter was properly excluded because notice had not been given.as required by the statute; and we can see no reason why the rule should not apply with equal force in this case. The right in each instance was made to depend on giving the necessary notice, nor could it be exercised in either without it. .Tt is objected that the jury empanneled and sworn to assess the damages were not summoned upon a venire facias issued for that purpose. This, at most, is a mere irregularity of practice to which no objection was taken at the time, and must be considered as waived by-the defendants. Nor is it error that the same jury who tried the ejectment issue did not also assess the damages. Digest 456, sec. 15 expressly provides for calling a second jury to inquire of damages. In such case the law in force at the time the jury is called governs the practice. The Circuit Court should not have excluded any portion of the evidence referred to in the agreed case between the parties; but inasmuch as the fornter decision of this court substantially determined the question to which it referred, the judgment will not for that reason be disturbed. But because the Circuit Court erred in striking out the notice of the defendant, and thereby precluding him from the legal right to introduce evidence of the value of the improvements made by him on the land in controversy, the judgment of the Circuit Court must be reversed, and the cause remanded.